## LUTHUR M. WRIGHT *vs.* FRANK D. LAWTON.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

One stopping on the left-hand side of the street for a lawful purpose— in this case the delivery of groceries in the evening—is under no legal duty to notify persons, approaching from the opposite direction, of his presence there.

The evidence in the present case reviewed and the action of the trial court in setting aside a verdict for the plaintiff sustained, upon the ground that the evidence failed to disclose the exercise of due care upon his part.

Argued April 12th—decided June 2d, 1916.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant, brought to the Superior Court in Fairfield County and tried to the jury before *Webb, J.;* the jury returned a verdict for the plaintiff for $500 which the trial court set aside as against the evidence, and from this action the plaintiff appealed. *No error.*

*Henry E. Shannon* and *Edward J. Quinlan,* for the appellant (plaintiff).

*Nehemiah Candee* and *John Keogh,* for the appellee (defendant).

PER CURIAM.   The plaintiff when driving along a public street collided with a grocery wagon then in use by the defendant's servant in delivering goods for his master.   The servant had just driven across from the right to the left side of the street, and had stopped or was in the act of stopping at the curb in front of a house at which he was to deliver groceries.   The plaintiff approached from the opposite direction and was upon his right-hand side of the street.   The collision occurred in the early evening at a dark place in the street.

The only negligence alleged on the part of the defendant is that the servant was upon the wrong side of the street and gave the plaintiff no notice of the fact.   The servant was upon the left-hand side of the street for a lawful purpose, no statute, or ordinance of the city of Norwalk, forbidding it.   We think that the facts in evidence raised no duty on his part to notify parties approaching of his presence there.

However this may be, the plaintiff was bound to know that vehicles and other obstacles were likely to be standing upon that side of the street, and it was his duty to so drive his own team that he could discover and avoid such obstacles if encountered.   His evidence shows that he did not discover the defendant's horse, which was a white one, until he was within fifteen feet of it, and that he could not then avoid hitting the wagon, although he did everything he could to avoid it. If he could not, either by stopping or turning out, avoid colliding with the defendant's team after he discovered it, either he was negligent in not discovering it earlier, or was negligent in driving so rapidly into a dark street, where he could not see a white object before him until within fifteen feet of it, that he could

not avoid obstacles when discovered. The evidence thus failed to show that he was not guilty of contributory negligence and the court properly set the verdict aside.

There is no error.